IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN PHILLIP CURTIS,

    Petitioner,          Civil No. 05-1490-CO

    v.                      FINDINGS AND
                             RECOMMENDATION

CHARLES DANIELS,

    Respondent.

COONEY, Magistrate Judge.

    Petitioner's Application to proceed in forma pauperis (#1) is allowed.

    Petitioner, an inmate a the Federal Correctional Institution at Sheridan, Oregon, filed a petition under 28 U.S.C. § 2241 seeking an order "deferring the immediate collection of the two hundred ($200.00) dollar special assessment fee imposed in Criminal Case Number 2:01 CR00031-001 until after he is released from confinement with the

1 - FINDINGS AND RECOMMENDATION

Federal Bureau of Prisons."

Petitioner was sentenced by the Honorable Judge Robert H. Whaley on August 7, 2001, in the United States District Court for the Eastern District of Washington to a ninety-two month term of confinement to be followed by three years of supervised release. The court also imposed a $200.00 special assessment fee.

Petitioner contends that the sentencing court improperly delegated the scheduling of the special fee installment payments to the Federal Bureau of Prisons "improperly shift[ing] a core judicial function to the executive branch of the government." Petitioner objects to his mandatory participation in the BOP Inmate Financial Responsibility Plan and seeks a waiver of the collection of the special assessment fee during the period of his confinement.

The payment schedule imposed under the Inmate Financial Responsibility Plan could arguably be construed as a "condition of confinement" subject to judicial scrutiny under 28 U.S.C. § 2241. However, in this case, petitioner argument regarding the improper delegation of "judicial function" indicates that he is clearly challenging the sentencing order. Therefore, his claim is properly construed a motion under 28 U.S.C. § 2255. See, Chamber v. United States, 106 F.3d 472, 474 (2nd Cir. 1997). A motion under 28 U.S.C. § 2255 must be

filed within one year of the conviction (or enactment of the Prison Litigation Reform Act) in the district of the petitioner's conviction. Therefore, construing petitioner's § 2241 petition as a motion under 28 U.S.C. § 2255 does not save his claim; it is both time barred and filed in the wrong district.

I note that even under § 2241, the petition fails to state a claim because petitioner has failed to allege how the apparently inconvenient scheduling of payments violates his constitutional rights, or that he has exhausted administrative remedies.[1]

Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten

---

[1] In addition, the sentencing order attached to petitioner's petition indicates that the special assessment was "due immediately." Thus, any "scheduling of payments" by the BOP would appear to be a benefit to petitioner rather than an imposition.

3 - FINDINGS AND RECOMMENDATION

(10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 17 day of October, 2005.

                                          John P. Cooney
                                          United States Magistrate Judge